## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) <br>                                          ) <br>     Plaintiff,                          ) <br>                                          ) <br> v.                                              ) <br>                                          ) <br> BRIAN RICHARD HART,            ) <br>                                        ) <br>     Defendant.                       ) <br> _____ ) | Case No. 2:22-CR-0134-DCN <br><br> **REPORT AND** <br> **RECOMMENDATION** |

On **February 22, 2024**, Defendant appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. Defendant executed a written waiver of the right to have the presiding United States District Judge take his change of plea.   Thereafter, the Court explained to Defendant the nature of the charges, the maximum penalties applicable, his constitutional rights, the effect of the Sentencing Guidelines, and that the District Judge would not be bound by any agreement of the parties as to the penalty to be imposed.   Further, the undersigned ordered a pre-sentence report.

Having conducted the change of plea hearing and having inquired of Defendant and his counsel, and counsel for the United States, the Court concludes that there is a factual basis for Defendant's plea of guilty, and that it was entered voluntarily and with full knowledge of the consequences, and that the plea should be accepted.   The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

Because Defendant has entered a guilty plea to an offense described in

**REPORT AND RECOMMENDATION - 1**

subparagraph (A), (B), or (C) of 18 U.S.C. § 3142(f)(1), which triggers the mandatory detention provisions of 18 U.S.C. § 3143(a)(2), the Court heard oral argument and received evidence as to whether exceptional reasons exist under 18 U.S.C. § 3145(c) to justify Defendant's release pending sentencing.   For the reasons stated on the record, the Court finds and recommends that:

☒ Defendant pled guilty to an offense described in 18 U.S.C. § 3142(f)(1)(A), (B), or (C), which requires that Defendant be detained pending sentencing pursuant to 18 U.S.C. § 3143(a)(2), and the undersigned has determined that no exception exists to that requirement pursuant to 18 U.S.C. § 3143(a)(2) or 18 U.S.C. § 3145(c).

☒ Therefore, the Defendant shall remain detained pending sentencing.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1. The District Court accept Defendant's plea of guilty to Count One of the Indictment (Dkt. 1).

2. The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Count Two of the Indictment (Dkt. 1) as to Defendant.

3. The District Court order forfeiture consistent with Defendant's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and detailed in the Plea Agreement (Dkt. 104).

4. The District Court order that:

  ☒ Defendant be detained pending sentencing under 18 U.S.C. § 3143(a) or 18 U.S.C. § 3145(c).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.



DATED: **February 22, 2024**

Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**REPORT AND RECOMMENDATION - 3**